The Honorable H.G. Foster Prosecuting Attorney Twentieth Judicial District P.O. Box 1105 Conway, Arkansas 72032
Dear Mr. Foster:
This is in response to Deputy Prosecuting Attorney Stephen E. James' request for an opinion on several questions concerning the polling places in and around the recently incorporated City of Fairfield Bay. Specifically, Mr. James indicates that he has reviewed Ops. Att'y Gen.95-123, 94-326 and 90-284 and A.C.A. §§ 14-44-103; 7-5-101, 14-14-402 and 403 and 14-40-408. He then indicates the following facts:
 1. Fairfield Bay is a city of the second class. Its boundaries extend into two counties (Van Buren County and Cleburne County).
 2. Indian Rock Precinct (Quorum Court District 4) of Van Buren County is completely within Fairfield Bay, except for forty acres south of the Lake, and lies in parts of Ward 1, Ward 2, and Ward 3 of the City.
 3. Red River Precinct (Quorum Court District 5) of Van Buren County lies partially within Ward 3 of the City and the remainder is outside the City.
 4. Union Precinct (Quorum Court District 3) of Van Buren County lies partially within Ward 1 and Ward 2 of the City and the remainder is outside the City.
 5. Morgan Precinct (Quorum Court District 3) of Cleburne County lies partially in Ward 2 of the City and the balance is outside the City.
 6. The only polling place for Indian Rock Precinct (Quorum Court District 4) for areas both in the City and out of the City is at the fire station in Fairfield Bay.
 7. The only polling place for Union Precinct (Quorum Court District 3) for areas both in and out of the City is at the nearby town of Shirley, Arkansas at the Community Center.
 8. The only polling place for Red River Precinct (Court District 5) for areas both in and out of the City is at the Church of Christ in the nearby community of Eglantine.
 9. The only polling place for Morgan Precinct (Cleburne County Quorum Court District 3) for areas both in and out of the City is at the Masonic Lodge in the nearby community of Edgemont in Cleburne County.
 10. Van Buren County has nine Justice of the Peace districts or quorum court districts under Amendment 55. Cleburne County has nine quorum court districts.
Mr. James has attached two maps with his request for an opinion, detailing the wards of the City, the relevant quorum court districts in and surrounding the City, the "precincts," and the City and county boundary lines. He poses seven specific questions with regard to the facts above which will be set out and answered in order below. As an initial matter, however, it is important to discuss and define some of the terms used above, so that the answers to the specific questions can be read and understood in light of these definitions.
First, it appears that Mr. James has used the word "precinct" interchangeably with the word "township." These two areas of territory may be coextensive, but do not necessarily have to be. In any event they are not the same thing. A "township" is an ancient political subdivision, with little remaining efficacy, save for the election of constables and the operation of certain local option (wet/dry) elections. See Arkansas Constitution art. 7, § 47 (election of constables), and A.C.A. § 3-8-205 (Cum. Supp. 1993) (local option elections). The alteration of township lines is apparently within the jurisdiction of the "county court," although there is some question as regards the constitutionality of the current statute authorizing a change in township lines. See Op. Att'y Gen. 95-282. A precinct, on the other hand, is an area of territory drawn by the county board of election commissioners for the purposes of voting. See A.C.A. § 7-5-101. Precincts do not have to be coextensive with township lines. Thus, a township is not necessarily a precinct. Historically, many, if not all townships were precincts and vice versa, because this was convenient, due to the fact that constables and justices of the peace were elected by township. Today, however, "justices of the peace" (or "quorum court members," as they are called in their legislative capacity) are elected not by township, but by single member "quorum court districts" of substantially equal population drawn by the county board of election commissioners. This is required by Amendment 55 to the Arkansas Constitution. These quorum court districts do not necessarily have to be coextensive with township lines[1] or precinct lines, although it may be convenient to have them be so. (It appears, although it is impossible to tell conclusively, that the quorum court district lines surrounding Fairfield Bay are currently coextensive with precinct and township lines.) These three areas of territory, therefore, townships, precincts, and quorum court districts, are three separate and distinct entities, which are not required to have boundaries in common, but which may have boundaries in common if all other provision of law can be met.
Second, city "wards" for the election of aldermen in cities of the second class are drawn (and redrawn, if necessary) by the city council of such cites. See A.C.A. § 14-44-101 and Op. Att'y Gen. 92-261. They will not necessarily correspond, at least in cities of the second class electing their aldermen at large, with precinct, township or quorum court district boundaries.
I now may proceed to address the specific questions posed, which arise by virtue of the fact that many voters who reside within the City limits of Fairfield Bay vote outside the City limits. Additionally, some voters who reside outside the City limits vote inside the City limits. This state of affairs exists because until recently, there was no City of Fairfield Bay, and thus no City limits, or need for City elections. The voters of the area simply voted in the appropriate precinct and quorum court district without any reference to city boundaries. With the incorporation of the City, however, questions have arisen over the location of polling places both inside and outside the City. The first question posed is as follows:
 1. The City was willing to have only one polling place within the City with appropriate boxes for the quorum court districts but this was negated by your Opinion 94-326. The City has now requested pursuant to A.C.A. § 14-44-103(b)(1)(B) a Van Buren County polling place in all three of its wards, with appropriate ballots for City issues and other issues on which its citizens within its wards are entitled to vote. The County Election Commission has respectfully declined the City's request. Should the Van Buren County Election Commission grant the City's request?
It is my opinion that the decision of whether to grant this request is within the discretion of the County Board of Election Commissioners. No provision of law, in my opinion, requires the County Board to grant this request. Some explanation is necessary. The statute to which you cite, A.C.A. § 14-44-103, provides in relevant part as follows:
 (b)(1)(A) Candidates for the office of alderman in cities of the second class shall reside in the ward from which they seek to be elected and shall run for election at large. All of the qualified electors of these cities shall be entitled to vote in the election.
 (B) Provision shall be made by the election commissioners in these cities so that the qualified electors of each ward shall have at least one (1) voting precinct in each ward where the resident electors thereof may cast their ballots.
* * *
 (c)(1)(A) The city council of any such city is empowered and authorized to provide, by ordinance, that all aldermen be elected by ward, in which event each alderman shall be voted upon by the qualified electors of the ward from which the person is a candidate.
* * *
 (B)(ii) The city council of these cities may provide for the election of one (1) alderman from each ward citywide and the other aldermen from each ward by the voters of the ward only.
* * *
 (d) Cities of the second class that elect their aldermen citywide may have one (1) public place only for holding elections. [Emphasis added.]
This statute gives cities of the second class three options in electing aldermen. The voters may elect them all by the city voters at large, or all individually by ward, or one alderman from each ward from the voters of the city at large and one only by the voters of the ward. In my opinion, the reference in (b)(1)(B) to providing a polling place in each ward is applicable only where some of the aldermen are elected only by the voters of a ward. The sentence appearing in subsection (d) above, authorizing only one polling place was originally a proviso to (b)(1)(B) — that is, it was an exception to the requirement of a polling place in each ward. See Act 421 of 1985. Thus, if the City of Fairfield Bay elects all its aldermen at large, the board of election commissioners is not required to place a polling place in each ward of the city under A.C.A. § 14-44-103(b)(1)(B). The City could have one polling place under A.C.A. § 14-44-103(d), except for the fact that the city lies in two counties. This was the conclusion of Op. Att'y Gen. 94-326. It was therein concluded that the City of Fairfield Bay could not have only one polling place for all of its residents because its voters live in two different counties. The intent of that opinion was to prohibit City residents who live in Cleburne County from voting in Van Buren County and vice versa. If there is only one polling place for all City residents, practical problems and jurisdictional problems for county boards of election commissioners result. It remains my opinion that voters in one county can't vote in another county. Opinion 94-326 does not imply, however, that one polling place can't be established for all the Van Buren County residents of Fairfield Bay, so long as no Cleburne County residents vote at this location. In this manner, limited effect may be given to A.C.A. § 14-44-103(d) allowing one polling place, limited only by the county line dividing Van Buren and Cleburne counties.
Two qualifications attend this conclusion. First, in light of the conclusions reached in Op. Att'y Gen. 95-123, if the County Board of Election Commissioners creates one polling place for the Van Buren County residents of Fairfield Bay, this area will need to be made a separate precinct. See Opinion 95-123.[2] Second, a new 1995 act requires the county clerk, "in any precinct with more than one (1) ballot combination" to prepare and deliver separate precinct voter registration lists for each ballot combination. Act 672 of 1995. Thus, the voters of the City who are in different quorum court districts, and/or different townships, and/or different wards, should be represented on different registration lists at the polling place.
Two final points should be mentioned. The voters residing in quorum court district four who live outside the City limits now currently vote inside the City limits. The County Board of Election Commissioners must decide, if it creates one polling place for all the Van Buren County Fairfield Bay residents, whether to include these voters in the City polling place. A separate ballot and voter registration list may be required if they are included. Finally, I have found no requirement that the polling place for voters of Fairfield Bay who live in Cleburne County be inside the City limits (in the City of Fairfield Bay on the Cleburne County side). These voters now vote in the community of Edgemont, and I have found no prohibition against this, as long as different ballots are given the City residents so that they might vote in Edgemont on Fairfield Bay issues. Of course, there is no prohibition either, against the Cleburne County Board of Election Commissioners creating a new polling place within the City limits of Fairfield Bay and Cleburne County for these voters.
The second question posed is as follows:
 If the County Election Commission creates a polling place in Ward 3 of the City, which is a part of Quorum Court District 5, will this affect the qualification of the Justice of the Peace for the district who continues to reside in Quorum Court District 5 and in Ward 3 of the City?
It is my opinion that the answer to this question is "no." The "justice of the peace" in question, or "quorum court member" must reside in his quorum court district. See Arkansas Constitution art. 19, §§ 3 and 4, and A.C.A. § 14-14-1301(b)(1). As noted above, quorum court districts, townships, and precincts are distinct entities. I fail to see how the creation of a new polling place could affect the qualification of a justice of the peace who is properly a resident of his quorum court district.
The third question posed is whether "the cost of elections [is] to be allocated," and if so, how. I have enclosed, for your review, copies of Ops. Att'y Gen. 94-242, 93-350, 93-125, which I believe will answer the questions you have on this topic.
The fourth question posed is "Does the boundary of Ward 2 of the City which encompasses areas in Quorum Court District 3 and Quorum Court district 4 create any insurmountable problems?" The boundary creates problems, not because of the two different quorum court districts, but because Ward 2 of the City of Fairfield Bay contains land in two different counties. The problems arising are not insurmountable, however. The problems can be resolved as long as the voters of Fairfield Bay who live in Cleburne County vote in Cleburne County, and the voters of Fairfield Bay who live in Van Buren County vote in Van Buren County.
The fifth question posed is "Since [sic] A.C.A. § 14-40-408's use of the word `township' to mean precinct?" "If not, what should the county court do?" The statute at issue, which was discussed in Op. Att'y Gen. 94-326, provides that "When any municipality in this state shall include within its limits territory situated in two (2) or more counties, the territory situated in each county shall be a separate township and shall be established as such by the county courts of the respective counties." In my opinion, the intent of this provision, which was enacted in 1967, was to prohibit a township and/or a precinct from containing voters from more than one county. As noted in Opinion 94-326, practical and jurisdictional problems would result from such a situation. It does not appear that the City of Fairfield Bay has such a problem currently. It was noted in Opinion 94-326 that this statute would seem to imply that the entire area of Fairfield Bay which lies in Van Buren County should comprise one township. Currently, this area has territory from three different townships. Upon reflection, however, it may be that the intent of the statute is met as long as the division of townships is made along the county line, and that multiple precincts in the City on one side of the line is not violative of the purpose of the statute. The statute is ambiguous in this regard, and the issue must ultimately be decided by a court.
The sixth question posed is "What is the effect of Amendment 55 on the validity of A.C.A. § 14-40-408?" In my opinion Amendment 55 did not change or repeal A.C.A. § 14-40-408. The effect of Amendment 55, however (which changes the election of justices of the peace from townships to quorum court districts), on this statute may be to also require separate quorum court districts on either side of the county line. (Obviously, one quorum court district could not include voters from more than one county. Which county's quorum court would the elected justice of the peace serve?) There is no indication that there is any problem of this nature in Fairfield Bay.
The seventh and final question posed is whether it is compulsory that the Election Commission provide voting precincts to the citizens of the City. In other words, "do they have to provide a new polling place within the City limits when the City divides itself into wards?" I have found no legal requirement in this regard, at least in cities of the second class which elect all the aldermen at large. Of course, the creation of at least one city polling place may be more convenient for administration purposes. (Otherwise a polling place or polling places in an unincorporated area at which City residents vote will have to use separate ballots for City races and measures).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Upon original adoption of Amendment 55, the quorum court districts were made up of townships. See A.C.A. § 14-14-402(a). This was subject to change on or before 1982 and every ten years thereafter.
[2] It is my understanding that legislation has been drafted to change the conclusion reached in Op. Att'y Gen. 95-123, and that this legislation may be introduced at the special session slated to begin October 17, 1995. The counties involved may therefore wish to follow the progress of this legislation.